UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

BRENDA MATSON, personal representative )
of The Estate of ROBERT LINTNER, )
                                                       )
       **Plaintiff,**                        )
                                                       )
       v.                                )            No. 4:14 CV 79
                                                       )
TIPPECANOE COUNTY, INDIANA, *et al.*, )
                                                       )
       **Defendants.**                 )

## OPINION and ORDER

This case was originally filed in Tippecanoe Superior Court in the State of Indiana (DE # 4), but it was removed to federal court by defendants Tippecanoe County, Sheriff Tracy Brown, and Judy Clerget ("the Tippecanoe defendants") based on 28 U.S.C. §1446(b)(2)(A). (DE # 1.) That statute permits removal when "all defendants who have been properly joined and served" agree to removal; notably, if a defendant has not yet been served, its consent is not needed for another defendant to remove. *Gossmeyer v. McDonald,* 128 F.3d 481, 489 (7th Cir. 1997).

Defendant Indiana Department of Corrections ("IDOC") has moved to remand this matter back to state court. (DE # 10.) According to IDOC, it was properly served before the Tippecanoe defendants filed their motion to remand, so its consent was necessary for removal and such consent was never given. (*Id.*) Plaintiff agrees, pointing out that the Tippecanoe online docket system,[1] the relevant contents of which the court

---

[1] http://www.tippecanoe.in.gov/eservices/home.page.8 (last visited July 16, 2015).

has taken judicial notice, shows service on IDOC on November 19, 2014, a few days before the Tippecanoe defendants removed the case on November 26, 2014.

The Tippecanoe defendants rebut by pointing out that, according to Indiana Rule of Trial Procedure 4.6 (A)(3), when a defendant is a state organization, the plaintiff must *also* serve the Indiana Attorney General to effectuate proper service. Neither plaintiff nor IDOC disputes that IDOC is a state organization, nor does it offer any response to this argument. Further, there is no evidence suggesting that the Indiana Attorney General was ever served. However, there is evidence in the record suggesting that the Indiana Attorney General was *not* served by the time of removal; specifically, in email correspondence dated December 22, 2014, Lakesha Triggs, counsel for the Indiana Attorney General's office,[2] stated to counsel for the Tippecanoe defendants: "We were not served with the complaint at the time that you filed your notice of removal." (DE # 11-2 at 8.)

At this time, the evidence before the court suggests that IDOC was not properly and/or completely served when the Tippecanoe defendants removed this case to federal court. Accordingly, IDOC's consent to removal was not required under Section 1446(b)(2)(A), and IDOC's motion to remand (DE # 10) must be **DENIED.**

                                             **SO ORDERED.**

Date: July 16, 2015

                                         s/James T. Moody
                                         JUDGE JAMES T. MOODY
                                         UNITED STATES DISTRICT COURT

---

[2] Triggs' office apparently also represents IDOC upon request. (*See* DE # 14 at 2.)