UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

BRENDA MATSON, personal representative )
of The Estate of ROBERT LINTNER, )
)
      Plaintiff, )
)
      v. )   No. 4:14 CV 79
)
TIPPECANOE COUNTY, INDIANA, *et al.*, )
)
      Defendants. )

## OPINION and ORDER

Before the court is a statutory and tort action for damages against several defendants including the Indiana Department of Correction ("IDOC"). The case originated in state court, but was removed here by several defendants, none of which were IDOC. (DE ## 1, 4.) IDOC tried and failed to have this case remanded on a technical issue earlier in the case. (DE # 18.) Now, IDOC has asserted sovereign immunity in a motion to dismiss (DE # 20), which is fully briefed and ripe for ruling.

It is well settled that, absent a state's consent, the Eleventh Amendment bars suits by private parties against states and their agencies. *See Alabama v. Pugh,* 438 U.S. 781, 782 (1978). The parties do not dispute that IDOC is, effectively, "the State of Indiana" for purposes of the Eleventh Amendment. In 2002, the Supreme Court held that when a state joins in the removal of a case to federal court, it waives its Eleventh Amendment immunity. *Lapides v. Bd. of Regents of Univ. Sys. of Georgia,* 535 U.S. 613, 624 (2002). However, in this case, IDOC did not join in the removal of this case. (Indeed, it had not even been properly served at the time of removal.) This is an important

distinction, as the *Lapides* Court's reasoning heavily depended on the notion that "the State was brought involuntarily into the case as a defendant in the original state-court proceedings. But the State then voluntarily agreed to remove the case to federal court." *Id.* at 620. The Court further noted that "Eleventh Amendment waiver rules are different when a State's federal-court participation is involuntary." *Id.* at 622.

In later cases, federal courts ruled that states do not waive immunity from suit when the state did not voluntarily participate in the removal to federal court. *Kozaczek v. New York Higher Educ. Servs. Corp.,* 503 F. App'x 60, 62 (2d Cir. 2012) ("Kozaczek's arguments that HESC waived Eleventh Amendment immunity are equally ineffectual. Although a state or state agency waives immunity from suit by removing to federal court, HESC had not been properly served at the time Defendant GC Services removed this case and therefore did not consent to removal."); *Frazier v. Pioneer Americas LLC,* 455 F.3d 542, 547 (5th Cir. 2006) ("[A] state may find itself in a case removed to federal court without having joined in the removal. Such a state, having taken no affirmative act, has not waived immunity and can still assert it."). These cases employ sound reasoning, and the court applies them here to find that IDOC, having not voluntarily participated in the removal of this case, did not waive its sovereign immunity rights when the case was removed to this forum by other parties.

Plaintiff argues that, in denying IDOC's previous motion to remand in this case, the court "accepted the required jurisdiction to proceed with this matter, including those claims against IDOC." (DE # 24 at 3.) However, no filings related to the previous

2

motion to remand addressed, nor did the court consider, any issues of sovereign immunity. Plaintiff's argument (supported by no authority on point) is without merit. Further, as the *Frazier* court explained, sovereign immunity is a state's to assert; the court's act of presiding over this case does not do away with the state's rights. 455 F.3d at 547 ("Also contrary to plaintiffs' suggestion, the simple act of assuming jurisdiction over a case with a state defendant does not step on its sovereign immunity. A federal court may ignore sovereign immunity until the state asserts it.").

Plaintiff also argues that the court should consider the efficiency of keeping all of the defendants together in this lawsuit, but presents no authority indicating that such a consideration is appropriate when presented in opposition to a firmly-established constitutional right such as a state's right to sovereign immunity as found in the Eleventh Amendment. In any event, even if the court considered it, the court would not find that efficiency trumps a constitutional right in this instance.

Seeing no persuasive arguments for preventing IDOC from asserting its sovereign immunity in this case, the court **GRANTS** IDOC's motion to dismiss. (DE # 22.) The case remains pending against all other defendants.

**SO ORDERED.**

Date: March 9, 2016

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT
